UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JAMES ARCHIE PRATHER JR.**                                              **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 3:15CV-P770-JHM**

**CORRECTIONS CARE SOLLUTIONS** *et al.*                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on initial review of Plaintiff James Archie Prather Jr.'s *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will allow a First Amendment retaliation claim and Fourteenth Amendment due process claim to proceed against Defendant Nurse Ron Sanders and will dismiss all other claims.

**I. SUMMARY OF CLAIMS**

Plaintiff is a pretrial detainee incarcerated at the Louisville Metro Department of Corrections (LMDC). He brings this action pursuant to 42 U.S.C. § 1983 against "Corrections Care Sollutions" (CCS); the LMDC; Mark Bolton, LMDC Director; and Ron Sanders, a head nurse from CCS at LMDC. He sues Defendants Bolton and Sanders in their individual and official capacities.

In the complaint, Plaintiff alleges that on some unspecified date, he was placed in the "Hall of Justice Jail Fifth floor East/East walk cell 2." He states that he was "in East wing by myself there is 7 cells and the only one occupied was 2 the one I was in it didn't even have a working light." He reports that in the evening on August 13, 2015, he had a seizure and that it took two hours to get someone's attention "and at that time it was another inmate doing work-aid in the jail." He states that it took the other inmate thirty minutes "to get Off. Maybreys attention he was on the west side doing something." He continues:

> They finally came and they called a nurse named Sunny and by the time she got there it was all over with she never even took my vitals she just shrugged her shoulder and said oh well he'll be fine. Nurse Summerfield told Off. Maybrey that since I have siezures that I was not supposed to be on a walk by myself I was supposed to be on 15 minutes checks by officers and 1 on 1 with inmate work aids. I remained on Hall of Justice 5 East/East walk for another 17 days by myself even after me informing a lot of other officers and nurse's that I wasn't supposed to be over there by myself with no watcher and on first shift it goes hours before even seeing a guard.

According to Plaintiff, he finally was able to talk to a sergeant on August 29, 2015, and "was placed in a cell on North 1 with a seizure observation and a 1 on 1 watcher but now they have me on 23 hr lock down just like I'm in the hole on displenary and I have done nothing wrong." He alleges that "medical done this because I threatened to sue them for medical neglect so they are punishing me for filing grievance against them. Nurse Ron Sanders set all this up. He is one of the head nurse's." He claims that he is on "phone restriction and they are using that and the fact that I have seizures to keep me locked down 23 hrs. a day."

In addition, Plaintiff contends that "when Dr. Newton prescribes something half the time it dosn't get provided or ordered."

Plaintiff also contends that "it is descrimanating against me to put me in the hole just because I have a medical condition if thats the case everyone with a medical condition should be in the hold under observation."

Finally, Plaintiff maintains that he has filed multiple grievances "against medical" but never gets a response.

As relief, Plaintiff seeks monetary and punitive damages and unspecified injunctive relief.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. *Claims Against LMDC and Official-Capacity Claims Against Director Bolton*

LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is the Louisville Metro Government that is the proper defendant. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Furthermore, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendant Director Bolton, therefore, are actually against the Louisville Metro Government as well. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

For these reasons, the claims against LMDC and the official-capacity claims against Defendant Director Bolton will be dismissed.

### B. Claims Against CCS and
### Official-Capacity Claims Against Nurse Sanders

The official-capacity claims against Defendant Nurse Sanders are actually against CCS, his employer. *See, e.g.*, *Griffin v. S. Health Partners, Inc.*, No. 1:12CV-P174-M, 2013 WL 530841, at *5 (W.D. Ky. Feb. 11, 2013). "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). For purposes of initial review, the Court presumes that CCS is a state actor. A private corporation, like CCS, "is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").

In the instant case, Plaintiff has not alleged that CCS's medical staff acted pursuant to a policy or custom in causing any alleged harm. Nothing in the complaint demonstrates that the action or inaction of any medical personnel occurred as a result of a policy or custom implemented or endorsed by CCS. The complaint, therefore, fails to establish a basis of liability against CCS. Consequently, the claims against CCS and the official-capacity claims against Defendant Nurse Sanders will be dismissed for failure to state a claim.

### C. Individual-Capacity Claims

### 1. Director Bolton

Plaintiff asserts no allegations against Defendant Director Bolton. To the extent Plaintiff seeks to hold Defendant Bolton liable based on his supervisory position as LMDC Director, the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Plaintiff fails to allege that Defendant Director Bolton was actively involved in any of the alleged wrongdoing. "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). The Court, therefore, will dismiss the individual-capacity claims against Defendant Director Bolton for failure to state a claim upon which relief can be granted.

### *2. Nurse Sanders*

Plaintiff alleges that Defendant Nurse Sanders is responsible for placing him in the cell for seizure observation on 23-hour lockdown even though Plaintiff had done nothing wrong and in retaliation for Plaintiff filing grievances against the medical department. Upon consideration, and construing the facts in a light most favorable to the unrepresented Plaintiff, the Court will allow the First Amendment retaliation and Fourteenth Amendment due process claims to proceed against Defendant Nurse Sanders in his individual capacity.

### *3. Remaining Claims*

Plaintiff asserts other claims but fails to name a Defendant responsible for the alleged violations. "[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Amendment is not necessary as to the remaining claims, however, because the Court finds, for the reasons that follow, that Plaintiff fails to state a claim upon which relief may be granted with respect to the remaining claims.

### *a. Medical Claims*

Plaintiff claims, "They not only neglected me medicaly but put my life at risk of having a deadly seizure and no one around to help me for 17 days." He additionally claims, "not only are the neglagent in medical here but when Dr. Newton prescribes something half the time it dosn't get provided or ordered."

While there may have been a risk of harm while Plaintiff was on the walk alone those seventeen days, he does not allege that he suffered any harm during that time, and according to the complaint, he is no longer subject to such isolation. The law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation

proximately caused injury." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the PLRA, lawsuits brought by institutionalized persons requires a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In interpreting this statute in the context of prisoner complaints, courts have required that the injury be more than *de minimis*. *See, e.g.*, *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (sore bruised ear, lasting for three days, was *de minimis* and not the requisite "physical injury"); *Zehner v. Trigg*, 952 F. Supp. 1318, 1327 (S.D. Ind. 1997) (holding that no physical injury from asbestos in the air requires dismissal without prejudice to plaintiff's right to later satisfy the physical injury requirement).

Because Plaintiff alleges no harm from being kept alone for seventeen days following a seizure, he fails to state a claim of constitutional dimension. The same is true for his claim that "when Dr. Newton prescribes something half the time it doesn't get provided or ordered." In addition, Plaintiff does not indicate what was prescribed or for what condition. He wholly fails to provide facts sufficient to state a constitutional claim. For these reasons, these Fourteenth Amendment claims will be dismissed.

### b. Discrimination Claim

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is

essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).

Plaintiff claims that "it is descrimanating against me to put me in the hole just because I have a medical condition if thats the case everyone with a medical condition should be in the hold under observation." Plaintiff fails to explain how he was treated differently than others similarly situated. He simply alleges that everyone with a medical condition should be housed where he is. This is simply too broad and conclusory to state an equal protection claim arising under the Constitution. Accordingly, Plaintiff's discrimination claim will be dismissed.

### c. Grievance Claim

Finally, Plaintiff reports filing several grievances without receiving a response. Prison inmates, however, do not have a constitutionally protected right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x. 441, 445 (6th Cir. 2005) ("All circuits to consider this issue have also found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."). And if prisoners do not possess a constitutional right to a grievance procedure, then they certainly do not have a claim premised on an ineffective procedure. *LaFlame v. Montgomery Cty. Sheriff's Dep't*, No. 00-5646, 2001 WL 111636, at *2 (6th Cir. Jan. 31, 2001) (holding that inmate "cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure") (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (holding that if the prison provides a grievance process, violations of its procedures do not rise to the level of a federal

constitutional right).  Therefore, Plaintiff's grievance-related claim will be dismissed for failure to state a claim upon which relief may be granted.

### IV.  ORDER

For the foregoing reasons,

**IT IS ORDERED that the following claims shall continue against Defendant Nurse Sanders in his individual capacity:  the First Amendment retaliation and the Fourteenth Amendment due process claims related to Plaintiff's placement in a cell for seizure observation on 23-hour lockdown**.  Before directing service on Defendant Nurse Sanders, however, **Plaintiff must file a fully completed summons form for Defendant Nurse Sanders**.  The **Clerk of Court is DIRECTED** to send Plaintiff a blank summons form for his completion.  Plaintiff's failure to comply within **30 days** from entry of this Memorandum Opinion and Order may **result in dismissal** of the action for failure to comply with an Order of this Court and for failure to prosecute.

**IT IS FURTHER ORDERED** that all remaining claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  **Having dismissed all claims against Defendants CCS, LMDC, and Director Bolton, the Clerk of Court is DIRECTED to terminate them from this action**.

Date: March 3, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　Jefferson County Attorney
4414.005